UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-20788-KMM

MARK HUDSON,

    Plaintiff,

v.

NCL BAHAMAS LTD d/b/a
NORWEGIAN CRUISE LINE, a
Foreign Profit Company,

    Defendant.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, MARK HUDSON, by and through their undersigned counsel, hereby files his *Response to Defendant's Motion to Dismiss Complaint for Failure to State a Claim*, and states as follows:

1. This is a negligence case against NCL BAHAMAS LTD, involving an incident that occurred while Plaintiff, MARK HUDSON, was aboard the *Norweigan Encore*, Defendant's cruise ship.

2. Clearly stated within the four corners of the Complaint, Plaintiff alleges that at the time of the incident, Defendant "knew or should have known" about the dangerous condition aboard the ship that caused the Plaintiff to sustain severe and permanent injuries.

3. Additionally stated in Plaintiff's Complaint is an allegation that Defendant, NCL BAHAMAS LTD, created the dangerous condition that caused Plaintiff's injuries.

4.      Defendant, NCL BAHAMAS LTD, filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim because Plaintiff failed to allege that the Defendant was on notice of any dangerous condition that caused Plaintiff's injuries despite these allegations being properly pled.

I.      **Standard of Review**

When a federal court reviews a complaint against a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the sufficiency of the complaint is ***not*** evaluated by "whether a plaintiff will ultimately prevail ***but*** whether the claimant is entitled to offer evidence to support the claims". *Fed. R. Civ. P. 12(b)(6)*; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (emphasis added). *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer*, 416 U.S. at 236); *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (citation omitted). Federal Rules of Civil Procedure 8 establishes the general rules of pleading, and it requires only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. "A party may state as many separate claims as it has, regardless of consistency[,]" stated in the alternative or hypothetically in a single count or in separate counts. *Fed. R. Civ. P. 8(d)(2)–(3)*.

Accordingly, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the plaintiff is only required to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In deciding a motion to dismiss, "a court must accept the allegations in the complaint as true" and construe all factual allegations in favor of the plaintiff. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56; *M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). *See also Swierkiewicz*, 534 U.S. at 514 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)) (finding that "[a] court may dismiss a complaint ***only if*** it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (emphasis added).

## II. Memorandum of Law

### A. Federal Maritime Law Governs This Action

"Federal maritime law applies to actions arising from alleged torts 'committed aboard a ship sailing in navigable waters.'" *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989)).

### B. Plaintiff Is Not Required To Allege Defendant's Notice In Order To State A Claim To Survive Defendant's Motion To Dismiss

To state a claim in negligence, a plaintiff should allege (1) a duty of the defendant to the plaintiff, (2) breach of the duty, (3) causation, and (4) damages. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012); *Jolly v. Hoegh Autoliners Shipping AS*, 546 F. Supp. 3d 1105, 1112 (M.D. Fla. 2021). Under general maritime law, "the owner of a ship in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under *the circumstances of each case*." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959) (emphasis added). The standard for

reasonable care may be **higher** based on the ship owner's knowledge. *K.T v. Royal Caribbean Cruises*, 931 F.3d 1041, 1044 (11th Cir. 2019) (holding that "[t]he scope of [the owner]'s duty to protect its passengers is informed, if not defined, by its knowledge of the dangers they face onboard. And [the owner] allegedly knew a lot.") (emphasis added).

In *Keefe v. Bahama Cruise Line, Inc.*, the court required "actual or constructive notice of the risk creating condition." 867 F.2d 1318, 1322 (11th Cir. 1989). However, a plaintiff ***need not prove notice*** where the plaintiff also alleges that the defendant "***created, participated in, or approved*** the design" of the dangerous condition. *Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583970, at *4 (S.D. Fla. Aug. 14, 2013) (emphasis added); *Geyer v. NCL (Bahamas) Ltd.*, 204 F. Supp. 3d 1354, 1357 (S.D. Fla. 2016). In this case, Plaintiff clearly alleged in the Complaint that the Defendant "***[c]reat[ed]*** the dangerous condition that caused the Plaintiff to be injured[.]" *Pl.'s Compl.* ¶ 13(f) (emphasis added). Therefore, under the law, Plaintiff is not required to allege Defendant's notice of the dangerous condition in order to state a claim to survive Defendant's Motion to Dismiss.

In the present case, Plaintiff has alleged in the Complaint that (1) "NCL[, the Defendant,] owed a duty to its passengers, including the Plaintiff"; that (2) "NCL breached its duty of care to the Plaintiff"; that "[a]s a direct result of the Defendant['s] . . . negligence, the Plaintiff suffered losses, including but not limited to, bodily injury. . . ."; and that "the Plaintiff . . . demands judgment for damages against the Defendant. . . ." *Pl.'s Compl.* ¶¶ 12–14, p. 5. Plaintiff sufficiently alleged all necessary elements required

for a claim in negligence to relief and therefore is entitled to offer evidence to support the claims. Therefore, the Defendant's Motion to Dismiss should be ***denied***.

### C. Even Though Defendant's Notice Is Not Required, Plaintiff Still Successfully Pleaded Defendant's Notice

Under federal law, when the notice of the ship owner is required, the "liability 'hinges on whether it **knew or should have known**' about the dangerous condition." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (emphasis added). In this case, although the notice of the Defendant is not required by law, as mentioned in the above section B, Plaintiff successfully pled that Defendant had notice by alleging that the Defendant "fail[ed] to warn the Plaintiff and other passengers of the condition of the premises including but not limited to the furnishings and the subject chair when NCL[, the Defendant,] *knew or should have known* of the existing hazard"; and "fail[ed] to remedy a hazardous condition of which NCL *knew or should have known*[.]" *Pl.'s Compl.* ¶¶ 13(h)–(i) (emphasis added).

Further, "[a] maritime plaintiff can establish constructive notice with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara*, 920 F.3d at 720 (citing *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). In this case, Plaintiff also alleged in the Complaint that the Defendant "fail[ed] to discover *in a timely manner* the hazardous condition of the subject premises including but not limited to the furnishings and the subject chair[.]" *Pl.'s Compl.* ¶ 13(j) (emphasis added). As "a court must accept the allegations in the complaint as true" and construe all factual allegations in favor of the Plaintiff, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56; *M.T.V.*, 446 F.3d at 1156 (quoting *Hill*, 321

F.3d at 1335, Plaintiff successfully pleaded that Defendant had, at least, constructive notice of the dangerous condition that caused Plaintiff's injury.

For the foregoing reasons, even though Defendant's notice is not required by the law to hold the Defendant liable in this case, Plaintiff still properly, and successfully, pleaded Defendant's notice, as well as other elements required for the Plaintiff's claims in negligence in order to be entitled to offer evidence to support the claims; and therefore, Defendant's Motion to Dismiss should be *denied*.

### III.  Conclusion

WHEREFORE, Plaintiff prays this Honorable Court **deny** Defendant's Motion to Dismiss Plaintiff's Complaint and allow this case to be judged on its merits by a jury.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Service Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida on this  **28th  day of June, 2023.**

> **GOLDBERG & ROSEN, P.A.**
> Counsel for Plaintiff(s)
> One Biscayne Tower
> 2 South Biscayne Boulevard #3650
> Miami, Florida 33131
> Tel:(305) 374-4200
> Fax:(305) 374-8024
>
> BY   /s/ *Mark Lopez-Trigo*
> Mark Lopez-Trigo, Esq., Florida Bar No. 1018627
> Primary E-mail:  pleadings@goldbergandrosen.com
> Secondary E-mail: mark@goldbergandrosen.com